

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-16-00078-CR

---

JACK HANDLEY MEYER, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the County Court at Law
Harrison County, Texas
Trial Court No. 2014-0801

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

After representing himself at trial, Jack Handley Meyer was convicted by a jury of failing to wear his seatbelt[1] and driving while license expired,[2] and was ordered to pay fines of $50.00 and $150.00, respectively. Meyer appeals.

Meyer's attorney on appeal has filed a brief which states that he has reviewed the record and has found no genuinely arguable issues that could be raised. The brief sets out the procedural history and summarizes the evidence elicited during the course of the proceeding. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On June 27, 2016, counsel mailed to Meyer a copy of the brief, the appellate record, and the motion to withdraw. By letter, counsel informed Meyer of his right to review the record and file a pro se response. Meyer timely filed a pro se brief in which he, a self-proclaimed sovereign citizen, challenges the trial court's jurisdiction by arguing, in several points, that "[t]he authority of the State of Texas to restrict the travel of the sovereign citizens of the United States of America

---

[1] TEX. TRANSP. CODE ANN. § 545.413 (West Supp. 2016).

[2] TEX. TRANSP. CODE ANN. § 521.457 (West 2013)

and the State of Texas simply does not exist." Our review of the record leads us to conclude that the arguments raised by Meyer in his pro se brief are unmeritorious.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record, as well as Meyer's pro se brief, and we agree with counsel that no arguable issues support an appeal. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the trial court's judgment.[3]

Josh R. Morriss, III
Chief Justice

Date Submitted:       November 28, 2016
Date Decided:        December 16, 2016

Do Not Publish

---

[3]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *s e e* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.